| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | <u>**NOT FOR PUBLICATION**</u> |

| | |
|---|---|
| In re:<br><br>MOONEY HOUSE, LLC. and<br>144 DIVISION LLC.,<br><br>　　　　　　Debtors. | ) Chapter 11<br>)<br>) Case No. 24-11294 (DSJ)<br>) Jointly Administered<br>)<br>)<br>)<br>)<br>) |

## <u>DECISION AND ORDER DENYING DEBTORS' MOTION TO EXTEND THE PLAN AND SOLICITATION EXCLUSIVITY PERIODS</u>

**APPEARANCES:**

**TARTER KRINSKY & DROGIN LLP**

*Counsel for Antoni Fuczynski*

1350 Broadway, 11th Floor

New York, New York 10018

By:    Rocco A. Cavaliere


**KIRBY AISNER & CURLEY LLP**

*Counsel for Debtors*

700 Post Road, Suite 237

Scarsdale, New York 10583

By:    Dawn Kirby

1

**DAVID S. JONES**

**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the Debtors' Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Pursuant to 11 U.S.C. § 1121(d)(1) (the "**Motion**"). Mooney House LLC (the "**Mooney House**") and 144 Division LLC (the "**144 Division**" and together with Mooney House, the "**Debtors**") filed the Motion on February 13, 2025. Antoni Fuczynski, the Debtors' primary unsecured creditor (the "**Creditor**" or "**Mr. Fuczynski**"), filed an objection to the Debtors' motion on March 10, 2025[1] (the "**Creditor's Objection**").

## BACKGROUND

Mooney House and 144 Division are both owned by Ross Morgan. Mooney House owns a property located at 18 Bowery New York, New York 10013 (the "**Mooney House Property**"), while 144 Division previously owned the property located at 38 Canal Street, New York, New York 10002 (the "**144 Division Property**"). Mot. ¶ 6. In 2016, Antoni Fuczynski sued 144 Division for injuries he sustained during a renovation project on the property (the "**State Court Action**"). Shortly after, Mr. Fuczynski sued Mooney House for allegedly receiving fraudulent transfers from 144 Division, through a mortgage refinance and subsequent sale transaction (the "**Fraudulent Transfer Action**" together with the State Court Action, the "**Prepetition Litigations**"). Creditor's Obj. ¶ 6. The Debtors filed for bankruptcy on July 26, 2024, before the Prepetition Litigations could be resolved. ECF No. 1. Debtors' property is not encumbered by any mortgage or other secured financing.

---

[1] The objection deadline was consensually moved from March 6, 2025, to March 10, 2025. Creditor's Obj. n. 1.

2

On November 20, 2024, the Debtors filed a motion to extend the Plan and Solicitation Periods. ECF No. 30. This Court entered an order, dated December 18, 2024, granting the Debtors' motion and extending the Plan Exclusivity Period from November 23, 2024, to February 14, 2025, and the Solicitation Exclusivity Period from January 22, 2025, to April 14, 2025. ECF No. 41. On February 13, 2025, the Debtors filed the instant motion seeking a second extension of the exclusivity periods. ECF No. 51. The Debtors now seeks to further extend the Plan Exclusivity Period from February 14, 2025, to June 13, 2025, and the Solicitation Exclusivity Period from April 14, 2025, to August 12, 2025. *Id.* Mr. Fuczynski objects, arguing that Debtors have made insufficient progress to resolving his entitlements or proceeding with a viable plan. The Court held a hearing on the motion on March 13, 2025 (the "**Hearing**"), encouraged the parties to discuss whether their dispute could be timely resolved while the Court deferred ruling for a short time, and reserved decision.

Having not received word of a consensual resolution, the Court hereby DENIES Debtors' Motion.

## **DISCUSSION**

Section 1121 of the Bankruptcy Code grants a debtor the exclusive right to file a plan within 120 days after the Petition Date. *See* 11 U.S.C. § 1121(b). If a plan is filed within the exclusivity period, the Debtor has the exclusive right to solicit acceptances of the plan within 180 after the date of the order for relief. *See* 11 U.S.C. § 1121(c)(3). Section 1121(d)(1) provides that the court may "for cause" shorten or extend the exclusivity periods. The bankruptcy code does not define "cause" but courts in the Second Circuit consider the following nine factors when determining whether cause for an extension exists:

3

(1) the size and complexity of the case;

(2) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

(3) the existence of good faith progress toward reorganization;

(4) the fact that the debtor is paying its bills as they become due;

(5) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(6) whether the debtor has made progress in negotiations with its creditors;

(7) the amount of time which has elapsed in the case;

(8) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(9) whether an unresolved contingency exists.

*In re Borders Grp., Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011) (citing *In re Adelphia Commc'ns Corp.,* 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006)). "The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity." *Borders*, 460 B.R. at 821-22 (citing *Adelphia*, 352 B.R. at 586 ("A decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact-specific.")).

Here, the Debtors argue that cause exists under § 1121(d)(1) for the following reasons: (i) the accountants "require additional time to finalize their findings and present them to the Debtors' primary unsecured creditor, [Fuczynski], to facilitate anticipated settlement discussions and enable the formulation of a confirmable Chapter 11 plan" Mot. ¶ 11; (ii) resolving the Mr. Fuczynski's claim through settlement will reduce litigation costs; (iii) "the [Debtors'] estate benefits from extending the Exclusive Periods until the settlement negotiations with [Fuczynski] is reached as opposed to spending precious resources proposing a Chapter 11 plan which isn't ripe for confirmation or effectuation" Mot. ¶ 13; and (iv) terminating the Exclusivity Periods

4

"will materially affect the Debtors' and its Accountants['] ability to continue its efforts above." Mot. at ¶ 14.

At the March 13 hearing, Debtors' counsel advised the Court that the accountants have completed their financial analysis, and the Debtors are ready to continue settlement negotiations with Mr. Fuczynski. However, on March 27, in response to this Court's urging during the hearing that the parties attempt to negotiate a mutually acceptable path forward within two weeks of the hearing date, Mr. Fuczynski's counsel advised the Court that the negotiations with the Debtors' have broken down. As such, the Debtors' stated reasons for seeking a second extension – to develop information and to pursue a consensual resolution – are no longer present. Nonetheless, the Court will still apply the *Adelphia* factors to determine whether cause exists for an extension of the exclusivity period.

    1.    <u>Size and complexity of the case</u>: With the debtor asserting that the "central issue" in this case is the State Court Action, Mot. ¶ 11, and Mr. Fuczynski asserting that "this is truly a two party dispute," Obj. ¶ 17, the parties agree that this is a non-complex, straightforward case. The following creditors filed claims against the Debtors: New York State Department of Labor, priority claim in the amount of $174.29; New York State Department of Taxation & Finance in the amount of $688.90, of which $282.14 is asserted as a priority claim; Consolidated Edison Company of New York, Inc., unsecured claim in the amount of $714.68; New York City Water Board, secured claim in the amount of $20,415.56; and Antoni Fuczynski, unsecured claim of at least $10,000,000.00. On the required schedules, the Debtors listed Mr. Fuczynski's claim as a disputed claim for an unknown amount, and a claim by Ginsburg & Misk LLP in the amount of $20,000 for legal fees. Despite the size of Mr. Fuczynski's claim, then, this is a relatively small and non-

5

complex case; thus, this factor weighs against granting a second extension of the Exclusivity Periods.

2. <u>Necessity for sufficient time to permit the debtor to negotiate a plan:</u> The Debtors have repeatedly argued that negotiating a settlement with Mr. Fuczynski is the most cost-effective resolution. Mot. ¶ 12. To facilitate such settlement, the Debtors' engaged accountants to conduct an analysis of the alleged fraudulent transfers. Mot. ¶ 11. Upon completion of the months-long financial analysis, the parties, at the March 13 hearing, expressed a willingness to move forward with the settlement negotiations. However, on March 27, despite being urged by the Court to try to promptly resolve their dispute, Mr. Fuczynski's counsel informed the court that the parties have failed to reach an agreement. At this point, the Debtors have had over eight months to negotiate a workable plan that turns entirely or nearly so on resolving Mr. Fuczynski's entitlements, and a further extension at this point is unlikely to revive meaningful settlement talks between the parties. Accordingly, this factor weighs against granting an extension of the Exclusivity Periods.

3. <u>Existence of good faith progress toward reorganization</u>: For similar reasons stated above in factor two, there is no evidence that the Debtors are making any progress towards formulating a viable reorganization plan. Accordingly, this factor weighs against granting an extension of the Exclusivity Periods.

4. <u>Debtor is paying its bills as they become due:</u> The Debtors did not address this factor in their motion. Nonetheless, the Debtors monthly operating reports indicate that they are not current with the quarterly U.S. Trustee fees. ECF Nos. 53-55; 57. As such, this factor weighs against granting an extension of the Exclusivity Periods.

5.  <u>Demonstrated reasonable prospects for filing a viable plan</u>: As stated above, the Debtors report that their time and efforts have been focused on conducting a financial analysis of the alleged fraudulent transfers, with the hopes of reaching a settlement with Mr. Fuczynski. The Debtors have had sufficient time to assess the validity of the claims filed against the estate and to gather adequate information needed to prepare a plan. There is no evidence of the Debtors' intention or ability to promptly propose a viable plan; thus, this factor does not favor granting an extension of the Exclusivity Periods.

6.  <u>Progress in negotiations:</u> As described above, negotiations between the parties have been unsuccessful. Accordingly, this factor weighs against granting an extension of the Exclusivity Periods.

7.  <u>Amount of time which has elapsed in the case</u>: This case was filed over eight months ago, on July 26, 2024. The Debtors have had sufficient time to review claims, investigate the alleged fraudulent transfers, formulate a plan and negotiate with the primary unsecured creditor. This factor weighs against granting an extension of the Exclusivity Periods.

8.  <u>Whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands</u>: The Creditor argues that the Debtors' request for an extension is an attempt to pressure the Creditor to submit to the Debtors' reorganization demands. Obj. ¶ 19. Given the breakdown in the settlement negotiations, this factor too appears to weigh against extending exclusivity, because the sole effect of an extension would be to delay payment to Mr. Fuczynski and other creditors while increasing Debtors' ability to seek claim compromises as a condition of proceeding with a plan.

7

9. <u>Whether an unresolved contingency exists</u>: The pending litigations in state courts are the unresolved contingency in this case. The State Court Action and the Fraudulent Conveyance Action have been pending for eight and four years respectively. Obj. ¶ 20. The Debtors say they hoped to resolve these cases via a settlement, but the parties' settlement negotiations have proved unfruitful so far. The parties' ongoing failure to resolve their straightforward (though consequential) dispute suggests that extending the Debtors' exclusivity period is unlikely to facilitate a prompt resolution of these cases. Accordingly, this factor does not weigh in favor of the granting an extension of the Exclusivity Periods.

Therefore, for the reasons set forth above, the Debtors have failed to establish that there is sufficient cause to extend the Plan and Solicitation Exclusivity Periods.

## CONCLUSION

For the reasons stated above, the Motion is **DENIED**.

SO ORDERED.

Dated: New York, New York
      April 1, 2025

                                        *s/ David S. Jones*
                                        Honorable David S. Jones
                                        United States Bankruptcy Judge